# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-682V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CHRISTINE PYNE,

             Petitioner,

    v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

             Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: May 22, 2014

Petitioner's Motion for a Decision Dismissing the Petition; Insufficient Proof of Causation; Vaccine Act Entitlement; Denial Without Hearing

Thomas P. Gallagher, Somers Point, NJ, for Petitioner

Heather L. Pearlman, Washington, DC, for Respondent

## DECISION[1]

On September 16, 2013, Christine Pyne filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program[2] alleging that the Influenza vaccine she received

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." (Vaccine Rule 18(b)). Otherwise, the whole decision will be available to the public. (*Id.*)

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended,

1

on September 15, 2010; the Hepatitis B, and Tetanus, Diphtheria, and Acellular Pertussis (TDaP) vaccines she received on September 17, 2010; and the Measles Mumps and Rubella (MMR) vaccine she received on October 11, 2010, all caused her to suffer or, in the alternative, significantly aggravated various injuries, including inability to breathe, Raynaud's Disease, swollen lymph nodes, neuropathy in her hands and feet, and a suspected auto immune disorder. *See* Petition at 1 (ECF Docket No. 1) and Amended Petition at 1 (ECF Docket No. 18).

After gathering her relevant medical records, Petitioner filed a motion on May 21, 2014 seeking a decision dismissing her petition, indicating that an investigation of the facts and science supporting her claim had demonstrated that she would be unable to prove her entitlement to compensation in the Vaccine Program.

To receive compensation under the Program, Ms. Pyne must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. See §§13(a)(1)(A) and 11(c)(1). An examination of the record, however, did not uncover any evidence that Ms. Pyne suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Ms. Pyne's alleged injuries were vaccine-caused.

Under the Vaccine Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. §13(a)(1). In this case, there is insufficient evidence in the record for Ms. Pyne to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.